The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 31, 2025

**2025COA100**

**No. 25CA0285, *People in Interest of N.K.S.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship — Appeals — Guardian ad Litem — Standing**

Applying *In re People in Interest of R.M.P.*, 2025 CO 34, a division of the court of appeals holds that when the juvenile court denied the Department of Human Services' motion to terminate parental rights, and the Department declined to appeal, the guardian ad litem (GAL) lacked standing to appeal in place of the Department. The dissent distinguishes *R.M.P.* and concludes that under the circumstances present here, the GAL has standing to appeal in the interests of the children.

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0285
Rio Blanco County District Court No. 23JV1
Honorable Anne K. Norrdin, Judge

---

The People of the State of Colorado,

Petitioner,

In the Interest of N.K.S. and W.J.S., Children-Appellants,

and Concerning M.S. and I.R.S.,

Appellees.

---

APPEAL DISMISSED

Division VII
Opinion by JUDGE GRAHAM*
Berger*, J., concurs
Lum, J., dissents

Announced December 31, 2025

---

Donald Steerman, County Attorney, Lamar, Colorado, for Petitioner

Cassie L. Coleman, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellee M.S.

Katayoun A. Donnelly, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellee I.R.S.

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    The guardian ad litem (GAL) for N.K.S. and W.J.S. (the children) appeals the juvenile court's judgment denying termination of the parent-child legal relationships between the children and M.S. (mother) and I.R.S. (father). Because the GAL lacks standing, we dismiss the appeal.

## I.    Background

¶ 2    In January 2023, the Rio Blanco Department of Human Services (the Department) received a report of domestic violence and substance abuse in the parents' home. The Department engaged the parents in a safety plan but they did not comply, so the Department removed the children and filed a petition in dependency or neglect. The parents admitted to the allegations, and the juvenile court adjudicated the children dependent or neglected. After a dispositional hearing in September 2023, the juvenile court adopted treatment plans for the parents.

¶ 3    In August 2024, the Department moved to terminate the parents' parental rights under section 19-3-604(1)(c), C.R.S. 2025. The juvenile court held a three-day evidentiary hearing. After hearing the evidence, the court denied the Department's motion for two reasons: (1) the parents' conduct or condition was likely to

1

change within a reasonable time and (2) a less drastic alternative to termination might exist.

¶ 4     The Department elected not to appeal the juvenile court's judgment, but the GAL filed this appeal.

## II.     Discussion

¶ 5     The GAL asserts, among other things, that the juvenile court erred by denying the Department's termination motion.  For the reasons explained below, we conclude that the GAL lacks standing to appeal the court's judgment.

¶ 6     Whether a party has standing to appeal is a question of law that we review de novo.  *C.W.B. v. A.S.*, 2018 CO 8, ¶ 16.  Because standing is a jurisdictional prerequisite, it may be raised at any stage of the proceeding.  *Id.*

¶ 7     The Colorado Supreme Court recently held that "the State, in its role as *parens patriae*, is the sole party that may prosecute dependency and neglect proceedings."  *In re People in Interest of R.M.P.,* 2025 CO 34, ¶ 4.  Therefore, the supreme court determined that a "non-state party," such as a GAL or counsel for youth (CFY), does not have standing to prosecute a dependency and neglect

petition when "the State has determined that the petition should be dismissed." *Id.* at ¶¶ 3, 33.

¶ 8     We believe that *R.M.P.* controls the present case. In *R.M.P.*, the court made clear that "[t]he Children's Code does not authorize non-state parties to file dependency and neglect petitions." *Id.* at ¶ 22. Indeed, the court went on to say that nothing in the Children's Code "confers on a child, either through a [GAL] or a [CFY], a right to initiate or prosecute a dependency and neglect petition against the child's parents." *Id.* We acknowledge that the Children's Code does allow for a GAL to "appeal," § 19-3-203(5), C.R.S. 2025, and we can imagine that there are some circumstances where a GAL can appeal, but not where, as here, the GAL seeks to take the place of the State.

¶ 9     Here, the Department filed a motion to terminate, which the GAL supported but did not join in. The juvenile court then denied that motion, and the Department declined to pursue an appeal of that decision. Instead, the GAL attempted to step into the State's *parens patriae* role and appeal the denial of the Department's motion. But under *R.M.P.*, we conclude that, because the

Department declined to pursue the appeal, the GAL could not do so on the Department's behalf or in her own right.

¶ 10    In so concluding, we recognize that a division of this court has held that a GAL can file a motion to terminate parental rights under section 19-3-602(1), C.R.S. 2025. *See People in Interest of M.N.*, 950 P.2d 674, 676 (Colo. App. 1997). In concluding that the GAL does not have standing to appeal in this case, we do not intend to hold that a GAL can *never* appeal where she has a legal interest in doing so. Rather, we conclude only that, when, as here, the Department declines to pursue an appeal of the denial of its motion to terminate, the GAL represents the children's best interests but not the children. The GAL or another non-state party cannot usurp the Department's role and step into its shoes to prosecute the appeal.

¶ 11    This is an intermediate appellate court. We are bound by holdings of the Colorado Supreme Court. We may not parse the plain language of supreme court holdings, even when we think there may be a better, or more correct, rule. If the supreme court spoke too broadly in *R.M.P.*, it is for that court, not this court, to correct that error.

### III. Disposition

The appeal is dismissed for lack of jurisdiction.

JUDGE BERGER concurs.

JUDGE LUM dissents.

JUDGE LUM, dissenting.

¶ 13     I disagree with the majority that the guardian ad litem (GAL) lacks standing to appeal the juvenile court's judgment denying termination of parental rights.  Though I acknowledge that *In re People in Interest of R.M.P.*, 2025 CO 34, contains broad language constraining a GAL's authority to prosecute certain aspects of a dependency and neglect case, I believe that *R.M.P.* is distinguishable from this case and doesn't control this case's outcome.  And although I am unpersuaded by the GAL's arguments challenging the termination, I nevertheless conclude we should reach the merits of the GAL's appeal.  Therefore, I respectfully dissent.

## I.     Standing

### A.     *R.M.P.*

¶ 14     In *R.M.P.*, the department brought a petition in dependency or neglect, alleging that R.M.P. had been abused by his father and that the father had unsecured firearms and fentanyl pills in the house.  *Id.* at ¶ 6.  Before the court had the opportunity to determine whether the department had proved the allegations in the petition by a preponderance of the evidence (i.e., conduct an adjudicatory

trial), the department moved to dismiss the petition and return R.M.P. to his father's custody because, among other reasons, it had concluded that the allegations against the father were false. *Id.* at ¶ 7. R.M.P., through his appointed counsel for youth (CFY), objected to the dismissal, asserting that he was dependent or neglected in his father's care. *Id.* at ¶ 10. The juvenile court declined to dismiss the petition, instead concluding that it should move forward to trial on the adjudication. *Id.* at ¶ 11.

¶ 15 Reviewing the matter under C.A.R. 21, the supreme court reversed and held that a "non-state party," such as a CFY or GAL, could not prosecute a dependency and neglect petition. *Id.* at ¶¶ 16, 24. To get there, the court relied on (1) prior cases holding that "[t]he State is the exclusive party entitled to bring an action in dependency and neglect," *id.* at ¶ 19 (citation omitted); and (2) the absence of statutory language in the Children's Code entitling a child, either through a CFY or a GAL, to "initiate or prosecute a dependency and neglect petition against the child's parents," *id.* at ¶ 22.

¶ 16 The majority relies on this holding to conclude that the GAL lacks standing to appeal the denial of the termination motion. *See*

*id.* at ¶ 33.  But in my view, this case is procedurally and substantively distinct from *R.M.P.*, and neither of the rationales on which the supreme court relied in *R.M.P.* applies under these circumstances.

### B.    Dependency and Neglect Petition Versus Motion to Terminate

¶ 17    First, this case concerns the appeal of the denial of a motion to terminate parental rights, not the prosecution of a dependency and neglect petition.

¶ 18    A dependency and neglect petition is a petition to establish that the child's status "warrants intrusive protective or corrective state intervention into the familial relationship."  *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶ 9 (citation omitted).  To sustain a petition and continue to intervene in a family's life, the State must prove the allegations in the petition by a preponderance of the evidence.  *A.M. v. A.C.*, 2013 CO 16, ¶ 12.  If it fails to do so, the court must dismiss the case.  *Id.*  But if the State carries its burden, the court must sustain the petition and may adjudicate the child to be dependent and neglected.  *Id.*  "The adjudication represents the court's determination that state intervention is

necessary to protect the child and that the family requires rehabilitative services in order to safely parent the child." *Id.*

¶ 19  If the court sustains a petition, it will then conduct a dispositional hearing and, in most cases, adopt a treatment plan for the parent or parents. *Id.* at ¶ 13. "After the court orders the treatment plan, it sets periodic reviews to monitor the family's progress . . . ." *Id.* at ¶ 14. Failure to comply with the treatment plan may provide grounds for the State *or the GAL* to file a motion to terminate parental rights. *Id.*

¶ 20  As *R.M.P.* notes, the supreme court has repeatedly held that only the State has the power to initiate a dependency and neglect proceeding and prosecute a dependency and neglect petition. *R.M.P.*, ¶ 24. But *R.M.P.* does not say that a GAL cannot prosecute a motion to terminate parental rights or appeal the denial of a termination motion, and I can find no prior case supporting either principle. In fact, the supreme court has repeatedly stated that, once a child has been adjudicated dependent or neglected, a GAL is authorized to file a motion to terminate parental rights. *A.M.*, ¶¶ 5 n.2, 14; *C.W.B. v. A.S.*, 2018 CO 8, ¶¶ 24, 36. And if a GAL is authorized to file a motion to terminate parental rights, I see no

9

basis in the Children's Code or case law for holding that the GAL should not be authorized to appeal the denial of that motion when the GAL concludes that doing so is in the child's best interests (regardless of whether the motion to terminate was originally filed by the GAL, the department, or both).

### C.    Statutory Authorization to Appeal

¶ 21    Second, unlike the prosecution of a petition in dependency and neglect, the Children's Code expressly authorizes — in fact, it requires — the GAL to "appeal matters to the court of appeals or the supreme court" when doing so is in the child's best interests.  § 19-3-203(5), C.R.S. 2025 ("The [GAL] is charged in general with the representation of the child's best interests.  To that end, the [GAL] *shall . . .* appeal matters to the court of appeals or the supreme court[] and participate further in the proceedings to the degree necessary to adequately represent the child." (emphasis added)).

¶ 22    In *C.W.B.*, the supreme court expressly relied on this statutory scheme authorizing the GAL to protect the child's best interests when it concluded that foster parents — who didn't have a similar obligation to protect the best interests of a child — had no standing to appeal the denial of a motion to terminate.  *C.W.B.*, ¶ 36.  After

noting that the GAL's "responsibilities expressly include" appealing

juvenile court rulings, *id.* at ¶ 24, it then held,

> [W]e need not confer standing to foster parents here to assert the rights of the child due to some existing barrier or difficulty in asserting the child's rights. The GAL is expressly authorized by statute to advocate for the child's best interests at all stages of the proceedings, and there is no indication that the GAL was unable or unwilling to do so in this case. Indeed, the GAL filed the termination motion. The GAL then chose not to appeal the trial court's denial of that motion. The GAL filed a supplemental brief on the issue of standing in the court of appeals, and participated fully at this court by filing the petition for review and a merits brief. Contrary to the foster parents' contention before the court of appeals, the GAL's decision not to pursue an appeal does not equate to a failure to represent the child's best interests.

*Id.* at ¶ 36 (citations omitted). In other words, the supreme court

concluded that the child's best interests were adequately

represented on appeal because of the GAL's statutory authority and

obligation to advocate for the child's best interests at that stage of

the proceedings.

¶ 23      The majority acknowledges this statutory provision but

evidently concludes that a GAL cannot exercise her statutory

authority to appeal a termination denial unless the department also

11

appeals. *Supra* ¶ 8. I am concerned that such an interpretation effectively prohibits a GAL from carrying out her statutory mandate to represent the child's best interests unless the GAL's best interests determination aligns with the department's.[1]

## II. Merits

¶ 24 The GAL asserts that the juvenile court erred by (1) granting the motion by M.S. (mother) for a continuance and resetting the termination hearing and (2) denying the motion for termination. I would conclude that the juvenile court didn't abuse its discretion by granting mother's continuance motion. I would further conclude that the record supports the juvenile court's conclusion that the Rio Blanco Department of Human Services didn't meet its burden to establish, by clear and convincing evidence, that the parents' conduct or condition was unlikely to change within a reasonable

---

[1] The majority's opinion raises other questions about a GAL's ability to assert the child's best interests when her best interests determination diverges from the department's. For example, if the GAL doesn't believe that termination is in the child's best interests, can she appeal a juvenile court's decision terminating parental rights? I would save such questions for another day and another case that requires us to wrestle with them.

time. For these reasons, I would affirm the judgment of the juvenile court.